Howe *v.* Motion Picture Advertising Service Co.*

(Division B.   April 16, 1928.)

[116 So. 598.   No. 27070.]

*Corpus Juris-Cyc. References: Contracts, 13CJ, p. 630, n. 67; p. 697, n. 90.

*R. D. Wigginton,* for appellant,

*Wadlington & Corban,* for appellee.

Pack, J. This case originated in the county court, where appellee recovered judgment. On appeal to the circuit court, the judgment was affirmed.

Appellant manufactures and sells food products. Appellee was in the business of advertising, for pay, through motion pictures. The parties entered into a signed contract whereby appellee was to run certain advertisements on the motion picture screens of New Orleans for a period of sixteen weeks, for a stated consideration of twenty-five dollars per week. It was necessary for appellee, at its own expense, to make arrangements with motion picture operators to carry these advertisements on their screens. The contract provided that it was not subject to cancellation. Appellee, after operating under the contract for about two weeks, received a letter from appellant requesting a discontinuance

of the advertisements until "further notice," without assigning any reason therefor. Appellee seems to have ignored this notice, and continued the advertisements weekly, for thirteen weeks, when, it appears, appellant wrote again asking that such advertisements be discontinued. The record shows that appellant's reasons for cancellation were set forth in this second notice, and seemed satisfactory to appellee. Appellant paid fifty dollars on the contract. Appellee on receipt of the second notice, discontinued the advertisements, and being unable to collect, sued for the time the advertisements had run, less the payments thereon.

The defense was urged, in the court below, that appellee first breached the contract, and, for that reason, cannot maintain this action. The same contention is made here.

The appellant bases its contention on a clause of the contract which reads as follows:

"It is agreed that signed statements from managers or operators of theaters sent me are to constitute proof of showing of the advertisements covered by this contract."

The statements referred to were made exhibits to the declaration, and were supported by proof on the trial. The purpose of this clause was to make such statements competent proof of the fact that advertisements had been run. We do not think it was a condition precedent to suit, or that failure to furnish them barred the action.

The appellant next contends that the advertisements were not run for the full sixteen weeks, and for that reason the recovery should fail. A complete answer to this is that appellant requested what was actually done. Having requested and obtained a discontinuance of the advertisements, it should not be heard to complain.

Other errors are assigned, but not argued.

The judgment of the court below is affirmed.

*Affirmed.*